Simon Wilmer Mitten, appellant,

*v.*

Catherine L. Mitten, respondent.

[Submitted May term, 1936. Decided October 2d, 1936.]

*Mr. William P. Berkowitz,* for the appellant.

No brief for the respondent.

The opinion of the court was delivered by

LLOYD, J.

This is a divorce case in which the unopposed petition of the appellant· was denied.

The parties were married in 1909. In 1914 the husband and his wife were living in her mother's home. Conditions there becoming intolerable the husband left, telling his wife he would make a home elsewhere, and she replied that she would leave her mother for no man. He moved to this state two years later, but occasionally visited her (sleeping with her on one occasion) and always supported her.

Then followed court actions. In 1929 he filed a bill for divorce based on desertion; she replied with cross-bill for the same cause. Both bills were dismissed. In 1931 the wife filed a bill for maintenance and this also was dismissed.

The present action alleges desertion by the wife in June, 1932, and to establish it the husband testified that when they were both present in court on the maintenance case before Advisory Master Herr he was asked if he would take her back and he said he would, and "by order of Mr. Herr" he sent her carfare to come back and repeated it on two other occasions; that he rented an apartment for their occupancy, but that his wife would make no response to his entreaties. The master seemed to think the efforts not sincere nor properly followed up; also that his evidence was not supported.

We think the divorce should have been granted. It is clear that the wife would make no favorable response to any argument he might make. When the earlier case was being heard the master thought enough of the husband's good intentions to suggest that he endeavor to get her back, and to this he responded by three distinct efforts, including on each occasion

the sending of the necessary money for her to come from Connecticut where she was living.

The husband's testimony convinces us that his own efforts to restore the marital relation were sincere, and that on the other hand no persuasion would induce the wife to return. It was her duty to follow him in the journey through life, and when in response to the repeated efforts to induce her to return she disdained even to make reply, it constituted desertion as a ground of divorce.

While much of the proof comes from the lips of the husband, we think there is sufficient corroboration in the undisputed evidence given by the witness Girvan.

The decree is reversed, to the end that a decree of divorce in favor of the husband may be awarded.

*For affirmance*—THE CHIEF-JUSTICE, HEHER, PERSKIE, RAFFERTY, COLE, JJ.   5.

*For reversal*—TRENCHARD, PARKER, LLOYD, CASE, BODINE, HETFIELD, DEAR, WELLS, WOLFSKEIL, JJ.   9.